Eric L. Nordskog, Esq., SBN 120935
LAW OFFICES OF ERIC L. NORDSKOG
P.O. BOX 7775 #34445
San Francisco, CA 94120
Tel: (415) 515-3372
Fax: (415) 704-3097

Attorney for Plaintiff
James Blair

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BLAIR,<br><br>    Plaintiff,<br><br>vs.<br><br>POLICE OFFICER ZACHERY LOPETEGUY; CITY OF ORLAND; COUNTY OF GLENN; and DOES 1 TO 100,<br><br>    Defendants. | No. 2:10-cv-00154-FCD-JFM<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br> (JURY TRIAL DEMANDED) |

Plaintiff alleges as follows:

**INTRODUCTION**

1.   This is an action for money damages brought pursuant to 42 U.S.C. sections 1983 and 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of California, against City of Orland Police Officer Lopeteguy (individually, and in his capacity as a police officer for the City of Orland).  Jurisdiction is based upon 28 U.S.C. sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

-1-

2.   In February 2008 plaintiff James Blair (hereinafter "Plaintiff") was arrested by defendant Officer Lopeteguy, and charged with Domestic Violence. The charge resulted in a plea agreement and plaintiff was placed on three years' probation. Ten months later, on 12/31/08, after being dispatched Defendant Officer Lopeteguy and other officers entered plaintiff James Blair's (hereinafter "Plaintiff") home unlawfully, and made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff, without probable cause or justification, was unlawfully assaulted and battered inside his home and falsely arrested and taken into custody. Plaintiff sustained a broken right foot/ankle which required surgery and hardware to be installed, and broken ribs.  In addition, when plaintiff was jailed and requested medical attention, Glenn County Sheriff's deputies unreasonably refused to provide plaintiff with any medical treatment. In March 2009 the court added a condition to his probation, that he was to refrain from drinking alcohol.  About one month later, on or about 4/19/09, Defendant Officer Lopeteguy and another officer, without probable cause, hoping to catch plaintiff with alcohol in his system, shoved plaintiff to the ground on Mr. Blair's own property, handcuffed him and arrested him, and confiscated a videocamera his wife was using to film the unlawful behavior. It is further alleged that these violations and torts were committed as a result of policies and procedures of the City of Orland.  As a result of the unlawful actions of defendants, Plaintiff suffered significant injury to his right ankle and

-2-

foot which required surgery and placement of hardware.  He also suffered injury to other parts of his body as more fully described below.

## JURISDICTION

3.   This action arises under Title 42 of the United States Code, Sections 1983 and 1988.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343.  The unlawful acts and practices alleged occurred in the City of Orland, California, which is within this judicial district.

4.   Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action.  The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

5.   Plaintiff is and at all times herein mentioned was a resident of Orland, California.

6.   Defendant City of Orland (hereinafter "City") is a municipal corporation, duly organized and existing under the laws of the State of California, and the public employer of said officers.

7   Defendant Glenn County (hereinafter "County") is a General Law county, duly organized and existing under the laws of the State of California, and is the county in which Defendant City of Orland is located.

-3-

8. At all times mentioned herein, Defendant Officer Lopeteguy was employed as a police officer for Defendant City. Defendant Officer Lopeteguy is sued individually, and in his capacity as a police officer for the City. By engaging in the conduct described herein, Defendant Officer Lopeteguy acted under color of law and in the course and scope of his employment for Defendant City. By engaging in the conduct described herein, said Defendant exceeded the authority invested in him as a police officer under the U.S. Constitution and as an employee of the City.

9. Plaintiff is ignorant of the true full names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 100, inclusive, when they have been ascertained.

10. At all times herein mentioned, Defendant Lopeteguy and each DOE Defendant was the agent or employee of Defendant CITY, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CITY.

**STATEMENT OF FACTS**

11. Plaintiff, 44 years old, is a Type 1 diabetic, and takes insulin injections up to five times per day. In or about

-4-

1  February 2008, arising out of a domestic dispute with his wife,
2  Julie Ann Blair, plaintiff was placed on three years probation
3  by the Superior Court of Glenn County.  One of the probation
4  terms prohibited plaintiff from blocking his wife's movements.
5  Defendant Officer Lopeteguy was the arresting officer in that
6  February 2008 incident.  On New Year's Eve, 12/31/08, Plaintiff
7  and his wife, son, and daughter went to the rodeo.  Plaintiff
8  and his wife consumed some alcoholic beverages.  Plaintiff began
9  experiencing a diabetic episode, and started behaving in a
10 cranky way.  Plaintiff's adult son drove them all home. After
11 they returned home, plaintiff's wife tried to reason with him to
12 sit so she could check his blood sugar, and inject insulin if
13 necessary. They were outside the front door at the time.
14 Plaintiff's wife was familiar with the symptoms of plaintiff's
15 diabetes, and she knew that plaintiff needed an insulin shot.
16 She asked her daughter to call 911 because plaintiff was acting
17 unreasonably.  Plaintiff walked back inside the house, closed
18 the front door and locked it.  His wife, still outside, tried to
19 come in a few minutes later, but it was locked.  She called out
20 two or three times, asking him to unlock the door, but he did
21 not do so.  She tapped on the window pane, which is double pane
22 glass, to get his attention.  By accident she broke the exterior
23 pane.  When plaintiff heard the glass break, he became upset and
24 concerned because he thought his wife might be injured.  He
25 unlocked the door.  She came in.
26      12.  While the family had been at the rodeo, plaintiff's
27 dog accidentally urinated on the floor.  After plaintiff's wife
28 went into the house, she discovered the accident, cleaned it up

-5-

1  with a wet towel, and went out the front door, leaving it open
2  and ajar. When she went outside, she saw four City of Orland
3  police officers quietly walking at the side of the house. Two of
4  them wore SWAT jackets. Officer Lopeteguy was in the lead.
5  Rather than talk to plaintiff's wife to find out the current
6  status of any "emergency," or whether any domestic violence had
7  occurred, or what the facts were, he simply asked "where is
8  he?," and when Julie Ann replied that he was in the house,
9  Officer Lopeteguy and another officer barged into the house, the
10 other two officers outside. Julie Ann was right behind the two
11 officers and saw, peripherally, the nightmare unfold.
12      13.  When Plaintiff, watching television at the time, saw
13 defendant Officer Lopeteguy in his living room, Plaintiff stood
14 up from his chair, and said words to the effect of "get the hell
15 out of my house." Plaintiff remained stationary. Plaintiff had
16 no weapon whatsoever.  However, rather than have a discussion
17 with Plaintiff, or make a plan with the other officers to safely
18 subdue plaintiff if necessary, defendant Officer Lopeteguy
19 strode quickly across the living room, a distance in excess of
20 fifteen feet, and attacked Plaintiff, who was standing right in
21 front of his chair, breaking plaintiff's ankle, and essentially
22 lifted plaintiff off the ground and body slammed him to the
23 floor, proximately causing severe injuries. The second officer
24 was right behind Officer Lopeteguy, and they handcuffed
25 plaintiff.
26      14.  Plaintiff was taken to Glenn County Jail in Willow,
27 and despite plaintiff's repeated statements that his right foot
28 and ankle were severely injured and causing him extreme pain,

-6-

and despite plaintiff's request for medical attention, and obvious swelling and discoloration of his right foot and ankle, plaintiff was not provided with any medical treatment for his injuries for an unreasonably long period of time.  This resulted in extra and unnecessary pain and discomfort.

15.  Plaintiff is informed and believes, and thereon alleges that the City of Orland Police Department and its officers prepared an incident report of this 12/31/08 incident, but have never disclosed it.

16.  Plaintiff is informed and believes, and thereon alleges, to justify the City's and its police officers wrongful conduct, that after the fact, the City and its officers persuaded the Glenn County District Attorney's office to bring a charge alleging plaintiff had violated his probation terms by "blocking the movements" of his wife, and to seek a revocation of his probation.

17.  At the 3/18/09 parole revocation hearing in the Glenn County Superior Court, the Court entered a directed verdict in favor of plaintiff, and commented that the District Attorney's office had not a "scintilla" of evidence that plaintiff violated the terms of his probation.

17.1 On or about 4/19/09 while plaintiff lawfully drove on his own property, which constitutes 30 acres, Officer Lopeteguy and another officer, Doe 1, without probable cause, followed him to his driveway. Officer Lopeteguy accused plaintiff of drinking alcohol, in violation of his probation terms, threw him to the ground, falsely arrested plaintiff, handcuffed him and placed him in their patrol car for about ten or fifteen minutes, then

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS
BLAIR v OFFICER LOPETEGUY, et al.
U.S. DISTRICT COURT-EASTERN DISTRICT OF CA-SACRAMENTO CASE NO. 2:10-cv-00154-FCD-JFM

after making come calls, released him.  Plaintiff's wife Julie Ann was home at the time, and at the beginning of the incident grabbed her video camera and began recording it.  One of the officers demanded the camera, claiming it had "evidence," and confiscated it.

17.2 On or about 12/31/08, or 4/19/09, or some other material occasion defendant Officer Lopeteguy and Does 1 to 10 said that he thought plaintiff considered himself "above the law," which provides a motive or reason defendant Officer Lopeteguy and Does 1 to 10 retaliated against plaintiff to "teach plaintiff a lesson."

## **DAMAGES**

18.  As a proximate result of defendant Officer Lopeteguy's conduct on 12/31/08, and Officer Lopeteguy and Officer Doe 1's conduct on 4/19/09, plaintiff suffered severe injuries, including but not limited to fracture injuries to his right ankle and foot, broken ribs, and multiple soft tissue injuries.

19.  As a proximate result of Defendant Lopeteguy's conduct and Officer Doe 1's conduct plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

20.  As a proximate result of Defendant Lopeteguy's conduct, plaintiff has incurred and will continue to incur medical expenses for treatment, and lost income and a loss of earning capacity.

21.  The conduct of Officer Lopeteguy and Does 1 to 10 was malicious, wanton and oppressive.  Plaintiff is therefore entitled to an award of punitive damages against that defendant.

-8-

22.   As a proximate result of Glenn County's failure to provide any medical treatment for plaintiff for an unreasonably long time, plaintiff suffered additional, extra and unnecessary pain and discomfort.

23.   Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

**FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983)
(Against Defendant GLENN COUNTY, LOPETEGUY and Does 1 to 10)

24.   Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this complaint.

25.   In doing the acts complained of, Defendants Glenn County, Officer Lopeteguy and Does 1 to 20 acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth,

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS
BLAIR v OFFICER LOPETEGUY, et al.
U.S. DISTRICT COURT-EASTERN DISTRICT OF CA-SACRAMENTO CASE NO. 2:10-cv-00154-FCD-JFM

Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

e. The right of freedom of speech, as protected by the First Amendment to the United States Constitution.

26. As a proximate result of Defendant Glenn County, Officer Lopeteguy and Does 1 to 20's conduct, Plaintiff suffered injuries and damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983 Monell)
(Against defendants GLENN COUNTY and CITY OF ORLAND AND DOES 1 to 50)

27. Plaintiff realleges by reference and incorporates paragraphs 1 through 26 of this complaint.

28. Defendants Glenn county, City and Does 1 to 50, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant peace officer Lopeteguy herein and other CITY peace officers, constituting the use of unnecessary and excessive force against citizens and false arrests of citizens. Despite said notice, CITY and Does 1 to 50 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by

-10-

failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by CITY police officers.  This lack of adequate supervisorial response by City and Does 1 to 50 demonstrates ratification of the Defendant Officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of citizens by CITY police officers.

28.1 In addition, defendant GLENN COUNTY and Does 11 to 20 acted with deliberate indifference to plaintiff's serious medical needs, and deprived him of any medical treatment while in custody at Glenn County Jail, causing additional pain and suffering, said serious medical needs a result of defendant Officer Lopeteguy and Does 1 to 10's use of excessive force, which resulted in a displaced fracture of Plaintiff's right lateral malleolus (ankle), with obvious and apparent swelling and discoloration about which plaintiff complained.

29.  The acts of defendants Glenn County, City and Does 1 to 50 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CITY, and Does 1 to 50, and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant police officers herein, and the Defendant Glenn County Sheriff supervisory officials and employees.  The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of Glenn County, the City and Does 1 to 50 to the pattern, practices, customs, and policies described above.

-11-

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS
BLAIR v OFFICER LOPETEGUY, et al.
U.S. DISTRICT COURT-EASTERN DISTRICT OF CA-SACRAMENTO CASE NO. 2:10-cv-00154-FCD-JFM

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
(Assault)
(Against Defendant Officer Lopeteguy and Does 1 to 10)

30. Plaintiff realleges by reference and incorporates paragraphs 1 through 29 of this complaint.

31. Defendants Officer Lopeteguy and Does 1 to 10 placed the Plaintiff in immediate fear of severe bodily harm by physically seizing and battering him without any just provocation or cause.

32. Plaintiff did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

33. The conduct of those defendants proximately resulted in Plaintiff suffering damages as set forth.

WHEREFORE, plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
(Battery)
(Against Defendant Officer Lopeteguy" and Does 1 to 10)

34. Plaintiff realleges by reference and incorporates paragraphs 1 through 33 of this complaint.

35. Defendants Officer Lopeteguy and Does 1 to 10 caused an unwanted and harmful touching of plaintiff's person resulting in physical and emotional damages.

36. Plaintiff did not consent to this offensive contact. The conduct of those defendants was neither privileged nor justified under statute or common law.

-12-

37. The conduct of those defendants proximately resulted in Plaintiff suffering damages as set forth.

WHEREFORE, plaintiff prays for relief as set forth herein.

**FIFTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)
(Against Defendants Officer Lopeteguy
and Does 1 to 10)

38. Plaintiff alleges by reference and incorporation to paragraphs 1 through 37 of this complaint.

39. The conduct of Defendants Officer Lopeteguy and Does 1 to 10, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon the Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SIXTH CAUSE OF ACTION**
(Negligence)
(Against Defendants Officer Lopeteguy and Does 1 to 10)

40. Plaintiff realleges by reference and incorporates paragraphs 1 through 39 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants Officer Lopeteguy and Does 1 to 10, and any and all allegations requesting punitive damages.

41. At all times herein mentioned, Defendants Officer Lopeteguy and Does 1 to 10 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of their police function. The conduct of those defendants as set forth herein, did not comply with the standard of care to be exercised by reasonable peace officers nor did it

comply with police department procedures, and proximately caused Plaintiff to suffer damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SEVENTH CAUSE OF ACTION

(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against Defendant CITY OF ORLAND and Does 1 to 50)

42. Plaintiff realleges by reference and incorporates paragraphs 1 through 41 of this complaint.

43. Defendants CITY OF ORLAND and Does 1 to 50 have, and at all times mentioned herein had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendants Officer Lopeteguy and Does 1 to 10 herein so as to avoid unreasonable risk of harm to citizens.

44. DEFENDANTS, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendants Officer Lopeteguy and Does 1 to 10, and other CITY police, including the use of unnecessary and excessive force against citizens.

45. Despite this notice, Defendants Does 1 to 50 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by CITY police, and Officer Lopeteguy and Does 1 to 10.

46. DEFENDANTS breached their duty of care to citizens in that they have failed to adequately train Defendants Lopeteguy

and Does 1 to 10, and other CITY police officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisorial response by Does 1 to 50, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of citizens by CITY police, Officer Lopeteguy and Does 1 to 10.

47. The wrongful conduct of DEFENDANTS proximately resulted in Plaintiff suffering damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CAUSE OF ACTION
(Respondeat Superior)
(Against Does 1 to 50)

48. Plaintiff realleges by reference and incorporates paragraphs 1 through 47 of this complaint.

49. Defendants Officer Lopeteguy and Does 1 to 50 committed the acts described above within the course and scope of their employment as police officers for the CITY.

50. Defendants Does 1 to 50 are therefore liable under all causes of action brought against Defendants Officer Lopeteguy and Does 1 to 50 herein for the injuries and damages suffered by Plaintiff as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### NINTH CAUSE OF ACTION
(False Arrest and Illegal Imprisonment against
Officer Lopeteguy and Does 1 to 10, and Glenn County)

-15-

51. Plaintiff realleges by reference and incorporates paragraphs 1 through 50 of this complaint.

52. Defendants Officer Lopeteguy and Does 1 to 10 illegally arrested and illegally imprisoned plaintiff.

53. Defendant Glenn County without justification or probable cause charged plaintiff with violating the terms of his probation and sought to revoke his probation.

54. As a result of this false arrest and illegal imprisonment, plaintiff suffered the damages as set forth herein.

**CLAIM REQUIREMENT**

55. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

**JURY DEMAND**

Plaintiff hereby demands a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof at trial;

2. Special damages (including but not limited to medical expenses and wage loss) according to proof at trial;

3. Punitive damages against individual defendants Officer Lopeteguy and Does 1 to 10 according to proof at trial;

4. Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;

5. Costs of suit incurred herein;

-16-

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS
BLAIR v OFFICER LOPETEGUY, et al.
U.S. DISTRICT COURT-EASTERN DISTRICT OF CA-SACRAMENTO CASE NO. 2:10-cv-00154-FCD-JFM

6.   Such other and further relief as the Court may deem just and proper.

Dated: 6/08/10

                LAW OFFICES OF ERIC L. NORDSKOG


          _____/S/__Eric L Nordskog_____
                      Eric L. Nordskog
                     Attorney for Plaintiff

-17-

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS
BLAIR v OFFICER LOPETEGUY, et al.
U.S. DISTRICT COURT-EASTERN DISTRICT OF CA-SACRAMENTO CASE NO. 2:10-cv-00154-FCD-JFM